IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | In Chapter 11 |
| ) | Case No. 13 B 36813 |
| LAKE DEARBORN, LLC, *et al.*, ) | (Jointly Administered) |
| ) | Honorable Jacqueline P. Cox |
| Debtors. ) | |

## CITATION TO DISCOVER ASSETS

TO:  Bighorn Capital, Inc.
c/o Mark S. Goldstein
Chief Operating Officer
One North LaSalle Street
Suite 2350
Chicago, IL 60602

YOU ARE COMMANDED to appear before Judge Jacqueline P. Cox or any Judge sitting in her stead in Room 680 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at 219 S. Dearborn, Chicago, IL on **October 29, 2015 at 9:30 a.m.**, to be examined under oath to discover assets or income not exempt from enforcement of a judgment.

A judgment in favor of Byeung Hean Lee d/b/a Green Apple Grill & More was entered on September 8, 2015 against Bighorn Capital Inc., Garvey Court LLC and Garvey Court Holdings LLC, jointly and severally, in the amount of $133,082.00 plus costs, and further reasonable attorneys' fees through the date of the entry of the Judgment ("Judgment"). As of the date hereof, $133,082.00 of the Judgment remains unsatisfied.

YOU ARE COMMANDED to produce at the examination all documents identified on the attached Rider.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to any judgment debtor, or to which the judgment debtor may be entitled, or which may be acquired by or become due to the judgment debtor, and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY FINE, BY IMPRISONMENT IN THE FEDERAL JAIL, OR BOTH.

JEFFREY P. ALLSTEADT, CLERK

_/s/ Marye Kelmer_                                                        SEP 28 2015
(By) Deputy Clerk                                                              Date

## **CERTIFICATE OF ATTORNEY**

In the United States District Court, Northern District of Illinois on September 8, 2015, a judgment in the amount of $133,082.00 was entered in favor of Byeung Hean Lee d/b/a Green Apple Grill & More and against Bighorn Capital, Inc. in Case No. 13-36813 and a balance of $133,082.00 remains unsatisfied.

_____
Matthew P. Bachochin

Robert R. Benjamin, Esq. (ARDC # 0170429)
Matthew P. Bachochin, Esq. (ARDC # 6292153)
GOLAN & CHRISTIE LLP
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 263-2300
Counsel for Judgment Creditor

## **RIDER**

YOU ARE COMMANDED TO PRODUCE AT THE EXAMINATION (BRING WITH YOU) ALL BOOKS, PAPERS OR RECORDS IN YOUR POSSESSION OR OVER WHICH YOU HAVE CONTROL, WHICH MAY CONTAIN INFORMATION CONCERNING THE PROPERTY AND INCOME OF BIGHORN CAPITAL, INC. ("Judgment Debtor") INCLUDING:

1. All books, financial records, documents and papers concerning, affecting or pertaining to formation, ownership and operation of the business entity.

2. All documents indicating the sources and amounts of gross earnings and income of the Judgment Debtor from all sources (before taxes) from the date of the filing of the complaint in this cause to the date scheduled for hearing on this citation.

3. All documents concerning or affecting ownership by the Judgment Debtor and any business owned or operated by the Judgment Debtor from the date of the filing of the complaint in this cause to the date scheduled for hearing on this citation of any of the following:

      a. Real estate;
      b. Stocks, bonds or securities;
      c. Mortgages on real or personal property;
      d. Promissory notes, drafts, bills of exchange or other commercial paper;
      e. Judgments;
      f. Jewelry;
      g. Furniture;
      h. Collections (e.g., stamp. coin);
      i. Defense, war savings or savings bonds;
      j. Automobile(s) and/or trucks;
      k. Recreational vehicles;
      l. Patents, inventions, trade names, trademarks or copyrights;
      m. Joint venture(s) or other business enterprises;
      n. Warehouse receipts, bills of lading or other document(s) of title.

4. All financial statements (whether signed or not) given by the Judgment Debtor and any business owned or operated by the Judgment Debtor, to any person or entity from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

5. All documents indicating or evidencing any interest (solely or jointly) in any bank account (commercial, savings or otherwise) for the period from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation, which shall include but not be limited to, the following information:

      a. The name and address of each institution holding any such account;
      b. The number or other identification of the account;
      c. An identification of the ownership interest of the Judgment Debtor in each such account;

      d.    The account balance as of the date seven (7) days prior to service of the citation upon the Judgment Debtor and each day thereafter.

6.    All documents indicating or evidencing a power of attorney or other authority to sign checks or other instruments for the payment of money on any bank account.

7.    All documents indicating or evidencing any bank accounts in which the Judgment Debtor claims an interest although the account is not in the Judgment Debtor's name, for the period from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

8.    All documents indicating or evidencing any bank accounts (including checking and savings accounts, certificates of deposit and other accounts) on which the Judgment Debtor's name does not appear in which the Judgment Debtor during the period from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation, deposited or withdrew any money or funds, which documents shall include:

      a.    The name and address of the depository institution;
      b.    Each name under which the account was listed;
      c.    Each account number or other identification;
      d.    The approximate date and amount of any such deposit(s) or withdrawal(s) made by the Judgment Debtor during said period; and
      e.    The source of the funds for each such deposit, or the use of each withdrawal.

9.    An itemization of and documents evidencing all obligations of the Judgment Debtor and any business owned or operated by the Judgment Debtor, including mortgages, conditional sales, contract obligations or promissory notes as of the date scheduled for hearing on this citation, which itemization and documentation shall include:

      a.    The name and address of each creditor;
      b.    The form of the obligation;
      c.    The date the obligation was incurred;
      d.    The consideration received for the obligation;
      e.    The description of any security connection with the obligation;
      f.    The amount of the original obligation;
      g.    The rate of interest on the obligation;
      h.    The present unpaid balance on the obligation; and
      i.    The date and amount of installment(s) or other payments on the obligation from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

10.    An itemization of and documents evidencing all obligations including mortgages, articles of agreement for sale of real or personal property, contract obligations or promissory notes by third parties or entities to the Judgment Debtor and/or any business owned or operated

by the Judgment Debtor as of the date scheduled for hearing on this citation, which itemization and documentation shall include:

    a.    The name and address of each debtor;
    b.    The original amount owed;
    c.    The unpaid balance on the obligation as of the date scheduled for hearing on this citation;
    d.    The form of the obligation;
    e.    The date the obligation was incurred;
    f.    The date the obligation became due and payable;
    g.    The conditions for payment;
    h.    The consideration given for the obligation;
    i.    The rate of interest of the obligation; and
    j.    The date and amount of installment(s) or other payments received by the Judgment Debtor on the obligation from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

11.    In the event that the Judgment Debtor is (or has been from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation) the holder of or has the right to access to any safety deposit box, then all documents, affecting or pertaining to the following:

    a.    The number of each such safety deposit box;
    b.    The name and address of the bank where any such safety deposit box is located;
    c.    The name and address of the owner and any joint or co-owners or any such safety deposit box, or any trustee holding such for your benefit;
    d.    The property contained in any such safety deposit box.

12.    In the event that any person or entity is holding possession, control or title to any property, property interest or beneficial interest for the benefit of the Judgment Debtor, all documents indicating the following:

    a.    A description of each such property, property interest or beneficial interest;
    b.    The name and address of each such person or entity;
    c.    The date that such person or entity first acquired possession, control or title;
    d.    The value of each such property, property interest or beneficial interest;
    e.    The basis for any such person or entity having possession, control or title to any property.

13.    An itemization of and documents evidencing all applications for loans from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

14. All documents indicating or evidencing any ownership interest by the Judgment Debtor in any stock in a business during the period from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

15. All documents indicating or evidencing that the Judgment Debtor during the period from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation, has been an officer or director of any corporation.

16. All documents evidencing or indicating an interest (ownership, beneficial or successor beneficial) in any policy of accident, health or life annuity or endowment insurance, including:

    a. The name of each company;
    b. Each policy number;
    c. The amounts, types, and date of issuance of each policy;
    d. The name and address of the owner(s) of each policy;
    e. The name and address of each beneficiary of each policy;
    f. The date of any changes in the beneficiary of any such policy from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation;
    g. The date of any assignment of beneficiary of insurance policies from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation;
    h. The cash value of any such policies as of two (2) weeks prior to the dated scheduled for hearing on this citation;
    i. The loan value of any such policies as of two (2) weeks prior to the dated scheduled for hearing on this citation;
    j. The amount of any encumbrances, loans or liens against each policy, together with the date of any such encumbrances, loans or liens were created;
    k. The date of acquisition of each such policies;
    l. The amount of the premium on each of such policies;
    m. The date the last premium was paid.

17. All documents indicating or evidencing any purchase agreements entered into by the Judgment Debtor from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

18. All documents indicating or evidencing all beneficial interest of the Judgment Debtor of any trust, any interest in the estate of any deceased person, or any authority of the Judgment Debtor to act as executor, administrator, trustee, receiver, guardian or in any capacity under any will, agreement or court appointment acquired or begun by the Judgment Debtor from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

19. All original books, financial records and papers pertaining, showing or evidencing any income, receipts and disbursements made by the Judgment Debtor (including without limitation all original check book registers and evidence of deposits) encompassing the period

from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

20. All documents indicating or evidencing the transfer by the Judgment Debtor by gift, sale or otherwise of any property to any person or entity from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

21. All documents evidencing or relating to any litigation either presently pending or which has been instituted from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation, in which the Judgment Debtor is a party.

22. All documents evidencing or relating to any judgments entered against the Judgment Debtor from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation, which documents shall include information relating to the following:

    a. The date of entry of each such judgment;
    b. The amount of each such judgment;
    c. The court where each such judgment was entered;
    d. The name of each such judgment creditor; and
    e. An itemization of each payment on each such judgment from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

23. All documents indicating or evidencing all inheritances of money or property from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

24. All documents indicating or evidencing the filing by the Judgment Debtor of any trade name certificates or partnership certificates from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

25. The original check book registers of the Judgment Debtor and any business owned or operated by the Judgment Debtor encompassing the period from the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

26. Copies of Federal and State Income Tax records of the Judgment Debtor and any business owned or operated by the Judgment Debtor for a period of three (3) years prior the date of filing of the complaint in this cause to the date scheduled for hearing on this citation.

27. An itemization of all documents evidencing or relating to any payment of money received by the Judgment Debtor and any business owned or operated by the Judgment Debtor other than already described above.

28. An itemization of all documents evidencing the ownership of any other property by the Judgment Debtor and any business owned, or operated by the Judgment Debtor other than already described above.

5

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Judgment Debtor or to which he may be entitled or which may be acquired by or become due to him and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to him until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of judgment.

-END-

6